IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLY SOROUR,<br>　　　Plaintiff,<br>　　v.<br>PNC BANK, N.A., et al.,<br>　　　Defendants. | Case No. 25-cv-00036-CRB<br><br>**ORDER DISMISSING FEDERAL CLAIM AND REMANDING STATE CLAIMS** |

Plaintiff Sally Sorour sued Defendants PNC Bank, Wells Fargo, and Bank of America in California state court for allegedly failing to properly investigate a transaction she made that was the result of a fraudulent phone call she had received asking her for money. Compl. (dkt. 1-1) at 3–6. Plaintiff brought breach of contract claims against each defendant and further brought claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; California's Consumer Legal Remedies Act, Cal. Civ. Code § 1770; and the federal Electronic Funds Transfer Act, 15 U.S.C. § 1693f. Id.

Defendants removed the case to federal court, asserting federal question jurisdiction based on Sorour's bringing of a cause of action under the Electronic Funds Transfer Act. Not. of Removal (dkt. 1) ¶¶ 6–7; see also 28 U.S.C. §§ 1331, 1441(a). Defendants further assert supplemental jurisdiction with respect to the state-law claims. Not. of Removal ¶ 8; see also 28 U.S.C. § 1367(a). Defendants then moved to dismiss all of Sorour's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. PNC Bank MTD (dkt. 4); Wells Fargo Bank MTD (dkt. 5); Bank of America MTD (dkt. 6). Sorour opposes Defendants' motions and seeks severance and remand of her state-law claims under 28 U.S.C. § 1441(c). See Mot. for Remand (dkt. 17) at 8–9.

1	The Court finds the matter suitable for resolution without oral argument, see Local Civ. R. 7-1(b), and vacates the hearing set for March 21, 2025.  Starting with Sorour's sole claim based on federal law—her Electronic Funds Transfer Act claim—Sorour asserts that Defendants failed to investigate her "unauthorized transactions" within the statutory timeframe.  Compl. ¶ 6 (citing 15 U.S.C. § 1693f(a)).  The Electronic Funds Transfer Act defines an "unauthorized electronic fund transfer" as "an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit."  15 U.S.C. § 1693a(12) (emphasis added); 12 C.F.R. § 1005.2(m); see also id. § 1693f(f) (listing the "errors" that banks are required to investigate, which include unauthorized transfers, incorrect transfers, omissions in bank statements, and computational errors).  Sorour, however, alleges that she withdrew funds herself.  See Compl. at 3, 8.  So Sorour fails to state a claim under the Electronic Funds Transfer Act.  See Sanchez v. Navy Fed. Credit Union, 2023 WL 6370235, at *22–23 (C.D. Cal. Aug. 14, 2023) ("The plain meaning of 'unauthorized' … excludes transactions where the consumer chooses to initiate a transfer to another individual, even if that person turns out to be a fraudster.").  Any amendment would be futile.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296–97 (9th Cir. 1990) (amendments must be "consistent with the challenged pleading" and not "contradict[] any of the allegations of [the] original complaint" (citation omitted)).  The Court therefore dismisses Sorour's Electronic Funds Transfer Act claim without leave to amend.

Sorour's remaining claims are all state-law claims, and neither party asserts an independent basis for federal jurisdiction over them.  Because this action is in its early stages and Sorour's state-law claims involve distinct elements from her federal claim, the Court declines to exercise supplemental jurisdiction over her state-law claims.  See 28 U.S.C. § 1367(c)(3); see also Parra v. PacifiCare of Ariz., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013).  Those claims are dismissed without prejudice.  See Lopez v. City of Santa Ana, 698 F. App'x 401, 402 (9th Cir. 2017).  This moots Sorour's remand motion, though it has the same practical effect: Sorour may refile her state-law claims in state court.

1    For the foregoing reasons, Sorour's Electronic Funds Transfer Act claim is
2 **DISMISSED WITH PREJUDICE**, and her state law claims are **DISMISSED**
3 **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: February 13, 2025

CHARLES R. BREYER
United States District Judge